Thomas Eugene Moore D-62389
Name and Prisoner/Booking Number
San Quentin State Prison
Place of Confinement
General Delivery
Mailing Address
San Quentin, CA 94974
City, State, Zip Code

FILED

SEP - 4 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

Thomas Eugene Moore ,   )
(Full Name of Plaintiff)  Plaintiff,  )
                                       )
                                       )      2:18-CV-2428   KJN PC
              v.                       )   CASE NO. _____
                                       )       (To be supplied by the Clerk)
(1) County of Sacramento, et al , )
(Full Name of Defendant)               )
(2) _____ ,  )
                                       )      **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )         **BY A PRISONER**
                                       )
(4) _____ ,  )   ☑ Original Complaint
              Defendant(s).            )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.  Institution/city where violation occurred: Sacramento County _____

## B. DEFENDANTS

1. Name of first Defendant: *lee page 3 of Complaint*. The first Defendant is employed as:

_____ at _____.
(Position and Title) (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:

_____ at _____.
(Position and Title) (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:

_____ at _____.
(Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:

_____ at _____.
(Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _5_. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

b. Second prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

c. Third prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D.  CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: *See pages 4-8 of Complaint.*

2.  **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer          ☐ Threat to safety          ☑ Other: *Wrongful conviction*

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

*See pages 4-8 of Complaint.*

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

*See pages 6-9 of Complaint.*

5.  **Administrative Remedies:**

a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☑ Yes   ☐ No

b.  Did you submit a request for administrative relief on Claim I?          ☑ Yes   ☐ No

c.  Did you appeal your request for relief on Claim I to the highest level?          ☑ Yes   ☐ No

d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**CLAIM II**

1.   State the constitutional or other federal civil right that was violated: *see pages 4 - 9 of Complaint.*

2.   **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
- [ ] Basic necessities
- [ ] Mail
- [ ] Access to the court
- [ ] Medical care
- [ ] Disciplinary proceedings
- [ ] Property
- [ ] Exercise of religion
- [ ] Retaliation
- [ ] Excessive force by an officer
- [ ] Threat to safety
- [ ] Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   [ ] Yes   [ ] No
   b.   Did you submit a request for administrative relief on Claim II?   [ ] Yes   [ ] No
   c.   Did you appeal your request for relief on Claim II to the highest level?   [ ] Yes   [ ] No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

4

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _See pages 4-9 of Complaint._

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?   ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking: _See pages 8-9 of Complaint._

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8/30/18___
DATE

___
SIGNATURE OF PLAINTIFF

___
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

___
(Signature of attorney, if any)

___

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

1  Thomas Eugene Moore D-62389
   CSP-San Quentin
2  General Delivery
   San Quentin, California 94974
3  In Pro Per Plaintiff

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  THOMAS EUGENE MOORE,                CASE NO. _____

11        Plaintiff,                    CIVIL RIGHTS LAWSUIT COMPLAINT AGAINST
                                        WRONGFUL CONVICTION, ILLEGAL SENTENCE
12  v.                                  FALSE IMPRISONMENT, LEGAL NEGLIGENCE,
                                        AND CRUEL AND UNUSUAL PUNISHMENT
13  COUNTY OF SACRAMENTO: VICTOR
    HALTOM, ATTORNEY AT LAW; AND        DEMAND FOR JURY TRIAL
14  DOES ONE THROUGH FIFTY,
    INCLUSIVE,                          [42 U.S.C. §1983]
15
          Defendants.
16  _____/

17                      I.   INTRODUCTION

18       1.   This is a civil rights lawsuit Complaint against the Defendants for wrongfully

19  convicting the Plaintiff of an erroneous serious felony, illegally sentencing the

20  Plaintiff to 40-years-to-life in state prison, and falsely imprisoning the Plaintiff

21  for over seventeen (17) years from January 25, 2003, to August 30, 2018, and on-

22  going.

23       2.   The Defendants originally charged the Plaintiff with the commission of

24  a plain nonserious robbery felony in Count One, and did not charge the Plaintiff

25  in Count One with a serious nor violent felony within the meanings of either P.C.

26  §§1192.7(c) or 667.5(c) but when the Defendants held a jury trial, the Defendants

27  erroneously argued the charges of a serious felony offense at the trial, and wrongfully

28  convicted the Plaintiff of an erroneous serious felony robbery conviction, then

                                        1

1 the Defendants illegally sentenced the Plaintiff to an erroneous serious felony
2 within the meaning of P.C. §1192.7(c) of 25-years-to-life Three Strike Law sentence,
3 and the Defendants further illegally sentenced the Plaintiff to three (3) erroneous
4 prior serious felony convictions of fifteen (15) years when the Plaintiff was never
5 charged with the 3 prior serious felony convictions within the meaning of P.C.
6 §1192.7(c) on the "First Amended Information".(See exhibits A1-A2;B1-B2).

7 3. The Defendants caused the Plaintiff to be wrongfully convicted of a serious
8 felony, illegally sentenced to 40-years-to-life imprisonment, when a plain nonserious
9 nonviolent felony robbery charge originally carries a sentence of 3-4-5 years state
10 prison.

11 4. The Defendants have caused the Plaintiff to be falsely imprisoned for
12 over 17 years.

13 5. On September 26, 2017, the California Second District Court of Appeals vacated
14 Sawyers' current Three Strike Law criminal case and remanded for resentencing because
15 Sawyer was not suppose to be convicted of an offense of which he has not been charged
16 with. ( (See exhibits D1-D4).

17 6. On October 7, 2017, the Plaintiff discovered and read the recent case
18 of People v. Sawyers 2017 DJDAR 9406 (Sept. 26, 2017, (see exhibits D1-D4 ), and
19 discovered that the court had ruled that "an accused cannot be convicted of an
20 offense of which he has not been charged, regardless of whether there was evidence
21 at his trial to show he committed the offense." People v. Sawyers, at 9410 .

22 7. On October 7, 2017, the Plaintiff reviewed his "First Amended Information"(See
23 exhibits A1-A2), and he discovered that the Defendants were legally negligent in
24 wrongfully convicting the Plaintiff of an erroneous serious felony conviction when
25 the "First Amended Information" only charged the Plaintiff with a plain nonserious
26 felony offense, and illegally sentencing the Plaintiff to an erroneous 40-years-
27 to-life Three Strike Law sentence, and falsely imprisoning the Plaintiff in prison
28 for over 17 years due to this wrongful conviction and illegal sentence.

29 8. This wrongful conviction, illegal sentence, and false imprisonment constitutes

2

1 cruel and unusual punishment in violation of the Eighth Amendment to the United
2 States Constitution, and the Defendants were legally negligent in violation of
3 of state law.

4                             II.   JURISDICTION AND VENUE

5     9.   This is a civil action authorized by 42 U.S.C.  Section 1983 to redress
6 the deprivation, under color of state law, of rights secured by the Constitution
7 of the United States.  The court has jurisdiction under 28 U.S.C. Section 1331 and
8 1343(a)(3).

9     10.  The Eastern District of California is an appropriate venue under 28 U.S.C.
10 Section 1391(b)(2) because it is where the events giving rise to the Plaintiff's
11 claims did occur.

12                              III.  PLAINTIFF

13     11.  Plaintiff, Thomas Eugene Moore, is and was at all times mentioned herein
14 a prisoner of the State of California in the custody of the California Department
15 of Corrections and Rehabilitation, herein CDCR.  He is currently confined in the
16 California State Prison at San Quentin, herein CSP-SQ, in San Quentin, California.

17                              IV.  DEFENDANTS

18     12.  Defendant County of Sacramento is and was at all times mentioned in this
19 Complaint, a governmental entity that is responsible for the health, safety, and
20 welfare of the Plaintiff.

21     13.  Defendant Victor Haltom is and was at all times mentioned in this Complaint,
22 an attorney responsible for legally representing the Plaintiff, and for the Plaintiff's
23 legal rights.

24     14. Defendants Does 1 through 50 are employees of the County of Sacramento
25 Defendant, who at all times mentioned in this Complaint, were attorneys, supervisors
26 or superiors of the Defendant County of Sacramento.  Defendants Does 1 through 50
27 directly participated in the acts of the Defendant County of Sacramento which caused
28 ///

                                    3

1 the Plaintiff to be wrongfully convicted, illegally sentenced, and falsely imprisoned.

2    15. All actions of the Defendants were deliberate, willful, and with the intent

3 to violate Plaintiff's Eight Amendment rights to the United States Constitution.

4    16. Each Defendant is sued individually and in his or her official capacity.

5 At all times mentioned in this Complaint, each Defendant acted under the color of

6 California law and as an agent of the other Defendants, acting  either officially

7 or individually in furtherance of a plan to do the acts averred in this Complaint.

8                              V.  FACTS

9    17. On January 25, 1999, the Plaintiff was arrested for violation of Penal

10 Code 212.5(c) 2nd degree robbery.(See exhibit A1).

11    18. On January 27, 1999, the Defendant Sacramento County, herein the Defendant

12 County, filed the original Information in the Plaintiff's criminal case, and within

13 the Plaintiff's original Information the Defendant County did not state that Count

14 One was a serious felony within the meaning of P.C. §1192.7(c) nor that the three

15 prior offenses were serious felonies within the meaning of P.C. §1192.7(c).(See

16 exhibit A1-A2).

17    19. On January 26, 2000, Defendant County filed the First Amended Information

18 and again charged the Plaintiff with  a nonserious felony offense in Count One not

19 within the meaning of P.C. §1192.7(c), but erroneously charged  the Plaintiff with

20 three (3) serious felony prior convictions within the meaning of P.C. §1192.7(c).

21 (See exhibit A1-A2).

22    20. On Febuary 1, 2000, the Plaintiff was found guilty and wrongfully convicted

23 of a serious felony  offense even though the Plaintiff was not originally charged

24 with committing a serious felony offense within the meaning of P.C. §1192.7(c),

25 and the Plaintiff was illegally sentenced by Defendant County to three (3) serious

26 felony prior convictions that were not within the meaning of P.C. §1192.7(c) which

27 falsely imprisoned the Plaintiff to 40-years-to-life in state prison.(See exhibit B1-B7).

28 ///

                              4

1    21. On January 19, 2001, Defendant Haltom negligently failed to discover
2 or negligently failed to inform the Defendant County and the Plaintiff that the
3 Defendant County cannot sentence the Plaintiff to a serious felony offense in Count
4 One when the Defendant County never charged the Plaintiff with within the First
5 Amended Information within the meaning of P.C. §1192.7(c).(See exhibits A1-A2).

6    22. On January 19, 2001, the Plaintiff retained Defendant attorney Haltom,
7 and Defendant Haltom negligently failed to discover or negligently failed to inform
8 the Defendant County that the Defendant County could not use the 3 prior felony
9 convictions as serious felonies within the meaning of P.C. §1192.7(c)(See exhibits A1-A2).

10    23. On January 19, 2001, Defendants County illegally sentenced and falsely
11 imprisoned the Plaintiff to a 40-years-to-life Three Strike Law state prison sentence
12 eventhough the Plaintiff was only charged with a nonserious felony in Count One.(See
13 exhibit B1-B2).

14    24. Based on the Defendant County's First Amended Information, the Defendant
15 County can and shall only sentence the Plaintiff to the middle term of 4 years state
16 prison for the primary offense of 2nd degree robbery, (see exhibits A1-A2),since
17 the Plaintiff was only charged with a nonserious felony in Count One, but Defendant
18 County illegally sentenced the Plaintiff to 36 more years-to-life in state prison.(See
19 exhibits B1-B2).

20    25. The Plaintiff has been falsely imprisoned in state prison by Defendant
21 County from January 26, 2003, to this present date of August 30, 2018, a total of
22 over 15 years in state prison.

23    26. On October 7, 2017, the Plaintiff discovered that the California Second
24 Court of Appeals vacated the sentence of Sawyer's current Three Strike law criminal
25 case because the prosecutor did not charge Sawyer with the charges that the prosecutor
26 had prosecuted Sawyer with at trial.

27 ///

28 ///

5

1                    VI.   EXHAUSTION OF REMEDIES

2        27. On February 9, 2018, the Plaintiff submitted and filed a County Board

3   Claim to the Sacramento County Board of Supervisors in order to exhaust administrative

4   remedies, and on March 2, 2018, the County Board rejected the Plaintiff's claim

5   in Claim No. L1800255, and gave the Plaintiff six (6) months, from March 2, 2018,

6   to and until September 2, 2018, in order to file a court action.(See exhibits $E1-E7$).

7

8                    VII. LEGAL CLAIMS

9        28.   Plaintiff realleges and incorporates by reference paragraphhs 1 through 27.

10                   FIRST CAUSE OF ACTION
                     FOR WRONGFUL CONVICTION
11                   [C.C.P. §340(c)]

12       29. Defendant County of Sacramento wrongfully convicted the Plaintiff by

13   informing the court and the jury that the Plaintiff was being charged and prosecuted

14   for a serious felony 2nd degree robbery offense when the Plaintiff was only charged

15   with and accused of committing a nonserious felony 2nd degree robbery offense not

16   within the meaning of P.C. §1192.7(c), and the Defendant County's actions violated the Plaintiff's

17   rights to Due Process and a Fair Trial and against Cruel and Unusual Punishment,

18   that are guaranteed by the 4th, 5th, 6th, 8th, and 14th Amendments to the United

19   States Constitution, and also violated the California Code of Civil Procedures Section

20   340(c).

21                   SECOND CAUSE OF ACTION
                     FOR ILLEGAL SENTENCE
22                   [C.C.P. §340(c)]

23       30. Defendant County of Sacramento illegally sentenced the Plaintiff by imposing

24   a 40-years-to-life Three Strikes Law sentence upon the Plaintiff based on the erroneous

25   serious felony conviction which erroneously imposes 3 five-year priors sentence

26   totaling 15 years plus 25-years-to-life, an illegal sentence of 40-years-to-life

27   sentence while not being charged with a serious felony charge, the the actions of

28   the Defendant County violated the Plaintiff's rights to Due Process and a Fair Trial,

1 and against Cruel and Unusual Punishment that are guaranteed by the 4th, 5th, 6th,

2 8th, and 14th Amendments to the United States Constution, and also violated the

3 California Code of Civil Procedure Section 340(c).

4

THIRD CAUSE OF ACTION
FOR FALSE IMPRISONMENT
[C.C.P. §340(c)]

5

6      31   Defendant County of Sacramento falsely imprisoned the Plaintiff by confining

7 the Plaintiff in state prison for an erroneous serious felony offense conviction

8 and erroneous 40-years-to-life sentence, and the actions of the Defendant County

9 violated the Plaintiff's rights to Due Process and a Fair Trial, and against Cruel

10 and Unusual Punishment that are guaranteed by the 4th, 5th, 6th, 8th, and 14th Amendments

11 to the United States Constitution, and also violated the California Code of Civil

12 Procedure Section 340(c).

13

FOURTH CAUSE OF ACTION
FOR LEGAL NEGLIGENCE
[C.C.P. §340.6]

14

15      32   Defendant County of Sacramento was legally negligent to the Plaintiff

16 by failing to prosecute the Plaintiff and hold a jury trial on the nonserious felony

17 charges while erroneously prosecuting and holding an erroneous jury trial on the

18 erroneous serious felony charge which then caused the Plaintiff to be wrongfully

19 convicted, illegally sentenced and falsely imprisoned on an erroneous serious felony

20 offense that the Plaintiff was never charged with, and the actions of the Defendant

21 County violated the Plaintiff's rights to Due Process and a Fair Trial, and against

22 Cruel and Unusual Punishment that are guaranteed by the 4th, 5th, 6th, 8th, and 14th

23 Amendments to the United States Constitution, and also violated the California Code

24 of Civil Procedure Section 340.6.

25

FIFTH CAUSE OF ACTION
FOR LEGAL NEGLIGENCE
[C.C.P. §340.6]

26

27      33   Defendant Haltom was legally negligent to the Plaintiff by negligently

28 failing to discover and inform the Plaintiff and the Defendant County that the Plain-

7

1 tiff could and would suffer a wrongful conviction, illegal sentence, and false imprison-

2 ment if the Defendant County erroneously prosecuted the Plaintiff with an erroneous

3 serious felony offense that the Plaintiff was never charged within the First Amended

4 Information, and the actions of the Defendant Halton violated the Plaintiff's rights

5 to Due Process and a Fair Trial, and against Cruel and Unusual Punishment that are

6 guaranteed by the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution,

7 and also violated the California Code of Civil Procedure Section 340.6.

8

9 SIXTH CAUSE OF ACTION
FOR CRUEL AND UNUSUAL PUNISHMENT

10 [8TH AMENDMENT TO U.S. CONST.]

11 33  Defendant County of Sacramento committed cruel and unusual punishment

12 against the Plaintiff by wrongfully convicting, illegally sentencing, falsely impri-

13 soning the Plaintiff, and being legally negligent to the Plaintiff, and the actions

14 of the Defendant County violated the Plaintiff's rights to Due Process and a Fair

15 Trial, and against Cruel and Unusual Punishment that are guaranteed by the 4th, 5th,

16 6th, 8th, and 14th Amendments to the United States Constitution.

17 34  The Plaintiff has no plain, adequate or complete remedy at law to redress

18 the wrongs described herein.  Plaintiff has been and will continue to be irreparably

19 injured by the conduct of the Defendants unless this court grants the relief which

20 the Plaintiff seeks.

21 35  The acts, conduct and behavior of the Defendants, and each of them, were

22 performed knowingly, intentionally, negligently and maliciously, by reason of which

23 the Plaintiff is entitled to punitive and exemplary damages in a sum to be proven

24 by the jury at trial.

25 VIII. RELIEF

26 36  WHEREFORE, the Plaintiff respectfully prays to Allah Ta'ala (God Almighty)

27 and requests that the Court enter judgment for the Plaintiff:

28 ///

8

1       a. In the amount of $856,800.00 at the rate of $140. per day for 17 years

2   of wrongful conviction, illegal sentence, and false imprisonment;

3       b. In the amount of $5,000,000.00 for legal negligence, cruel and unusual

4   punishment, and wrongful conviction, illegal sentence, and false imprisonment;

5       c. Exemplary and punitive damages to be proven at the trial;

6       d. Demand for a jury trial on all issues triable by a jury;

7       e. For the cost of this suit;

8       f. For all attorney fees incurred by the Plaintiff; and

9       g. Any additional relief that this court may deem just, proper, and equitable.

10  Dated:   8/30/18                        _____
                                            Thomas Eugene Moore
11                                          In Pro Per Plaintiff

12                          VERIFICATION

13      I declare under the penalty of perjury that the foregoing is true and correct.

14  Dated:   8/30/18                        _____
                                            Declarant
15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAN SCULLY
DISTRICT ATTORNEY
901 G STREET
SACRAMENTO, CA 95814
(916) 874-5215

SSD-99-737
99F00713
C. CLELAND, DDA
TEAM: TWE   (CC)
XRef: 0710323

COUNTY OF SACRAMENTO
BOARD OF SUPERVISORS
2018 FEB 13 AM 8:30

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| THE PEOPLE OF THE STATE OF CALIFORNIA, | FIRST AMENDED INFORMATION |
|---|---|
| Vs. | NO. 99F00713 |
| THOMAS EUGENE MOORE- | |
| Defendant, | |

The defendant, THOMAS EUGENE MOORE, is accused by the District Attorney of said County
of Sacramento, by this information, as follows:

COUNT ONE

On or about January 25, 1999, at and in the County of Sacramento, State of California,
defendant(s) THOMAS EUGENE MOORE did commit a felony namely: a <u>violation of Section
211 of the Penal Code</u> of the State of California, in that said defendant did willfully, unlawfully,
and by means of force and fear take personal property from THE RENT-A-CENTER, from the
person, possession, and immediate presence of BARRY O'SULLIVAN.

PRIOR CONVICTION (CASE)

1.

It is further alleged that the said defendant, THOMAS EUGENE MOORE, was on or about April
29, 1987, in the Superior Court of the State of California, for the County of Sacramento, convicted
of the crime of Robbery in violation of Section 211 of the Penal Code, (No. 760801; 10 Counts), a
serious felony, within the meaning of Section 667(a) of the Penal Code.

It is further alleged that because the defendant, THOMAS EUGENE MOORE, has suffered the
above listed conviction, he/she comes within the provisions of Section 667(b)-(i) and Section
1170.12 of the Penal Code.

PRIOR CONVICTION (CASE)

2.

It is further alleged that the said defendant, THOMAS EUGENE MOORE, was on or about April 29, 1987, in the Superior Court of the State of California, for the County of Sacramento, convicted of the crime of Robbery in violation of Section 211 of the Penal Code, (No. 79003; 5 Counts), a serious felony, within the meaning of Section 667(a) of the Penal Code.

It is further alleged that because the defendant, THOMAS EUGENE MOORE, has suffered the above listed conviction, he/she comes within the provisions of Section 667(b)-(i) and Section 1170.12 of the Penal Code.

PRIOR CONVICTION (CASE)

3.

It is further alleged that the said defendant, THOMAS EUGENE MOORE, was on or about March 3, 1994, in the Superior Court of the State of California, for the County of Sacramento, convicted of the crime of Robbery with Use of a Firearm in violation of Section 211/12022.5 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code.

It is further alleged that because the defendant, THOMAS EUGENE MOORE, has suffered the above listed conviction, he/she comes within the provisions of Section 667(b)-(i) and Section 1170.12 of the Penal Code.

Contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the People of the State of California.

Subscribed to this 6th day of January, 2000.

JAN SCULLY
District Attorney of Sacramento County
in the State of California

By: _____

C.T. CLELAND
Deputy District Attorney

exhibit A2.

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

CR-292

| | |
|---|---|
| ☐ SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | |
| ☐ MUNICIPAL BRANCH OR JUDICIAL DISTRICT | |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: THOMAS EUGENE MOORE   AKA: T MOORE

DOB 3/25/54
Pre Sacramento, CA   39F207713

FILED
JAN 2 2 2001
By _____ DEPUTY CLERK

AKA: Smith Somewhere not bashed
CII#
BOOKING #
☐ NOT PRESENT
COMMITMENT TO STATE PRISON   ☐ AMENDED
ABSTRACT OF JUDGMENT   ABSTRACT

| DATE OF HEARING | DEPT NO | JUDGE |
|---|---|---|
| 01-19-01 | 27 | LOYD H MULKEY JR   Assigned |
| CLERK | REPORTER | PROBATION NO OR PROBATION OFFICER |
| J ZGRAGGEN | C SWITZER #C112 | S SHARP |
| COUNSEL FOR PEOPLE | | COUNSEL FOR DEFENDANT |
| KIT CLELAND CDA | | V HALTON RET |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   (number of pages attached)

| CAT | CODE | SECTION NO | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DAY/YEAR) | CONVICTED BY | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | JURY | COURT TRIAL | PLEA | |
| 1 | PC | 211 · 667(b)(i) | Robbery, Second Degree | 1999 | 02-01-00 | X | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CAT | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 667(a) PC | 5 | 667(a) PC | 5 | 667(a) PC | 5 | | 15 | 0 |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:
4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts
6. ☒ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts One
   PLUS enhancement time shown above.
7. ☐ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☒ PC 667(b)-(i) or PC 1170.12   ☐ PC 667.61   ☐ PC 667.7   ☐ PC 667.9
   ☐ other (specify):

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form prescribed by the
Judicial Council of California
CR – 292 (Rev. January 1, 1999)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

Penal Code
§§ 1213, 1213.5

000610

Exhibit B1

DEFENDANT: THOMAS EUGENE MCL

| | | | |
|---|---|---|---|
| 99F00713 -A | -B | -C | -D |

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
  a. ☐ RESTITUTION FINE of $____ per PC 1202.4(b) forthwith per PC 2085.5
  b. ☐ RESTITUTION FINE of $____ per PC 1202.45 suspended unless parole is revoked
  c. ☐ RESTITUTION of $____ per PC 1202.4(f) to   ☐ victim(s)*   ☐ Restitution Fund
     (*List victim name(s) if known and amount breakdown in item 11, below.)
     (1) ☐ Amount to be determined.
     (2) ☐ Interest rate of ____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
  d. ☐ LAB FEE of $____ for counts: ____ per H&SC 11372.5(a)
  e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a)
  f. ☐ FINE of $____ per PC 1202.5.

10. TESTING
  a. ☐ AIDS pursuant to   ☐ PC 1202.1   ☐ other (specify):
  b. ☐ CNA pursuant to   ☐ PC 290.2   ☐ other (specify):

11. Other orders (specify):

12. Execution of sentence imposed
  a. ☒ at initial sentencing hearing.
  b. ☐ at resentencing per decision on appeal.
  c. ☐ after revocation of probation.
  d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
  e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| 99F00713 -A | 1087 days | 725 days | 362 days | ☐ 4019 ☐ 2933.1 |
| -B | | | | ☐ 4019 ☐ 2933.1 |
| -C | | | | ☐ 4019 ☐ 2933.1 |
| -D | | | | ☐ 4019 ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED | SERVED TIME IN STATE INSTITUTION | | |
|---|---|---|---|
| 01-19-01 | ☐ DMH | ☐ CDC | ☐ CRC |

14. The defendant is remanded to the custody of the sheriff   ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

To be delivered to   ☐ the reception center designated by the director of the California Department of Corrections.
   ☒ other (specify): DVI

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | | |
|---|---|---|
| J. ZGRAGGEN | | 01-19-01 |

CR-292 ABSTRACT OF JUDGMENT — PRISON COMMITMENT – INDETERMINATE

000611

PENAL CODE

§ 1192.7

## § 1192.7. Limitation of plea bargaining

(a)(1) It is the intent of the Legislature that district attorneys prosecute violent sex crimes under statutes that provide sentencing under a "one strike," "three strikes" or habitual sex offender statute instead of engaging in plea bargaining over those offenses.

(2) Plea bargaining in any case in which the indictment or information charges any serious felony, any felony in which it is alleged that a firearm was personally used by the defendant, or any offense of driving while under the influence of alcohol, drugs, narcotics, or any other intoxicating substance, or any combination thereof, is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence.

(3) If the indictment or information charges the defendant with a violent sex crime, as listed in subdivision (c) of Section 667.61, that could be prosecuted under Sections 269, 288.7, subdivisions (b) through (i) of Section 667, Section 667.61, or 667.71, plea bargaining is prohibited unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence. At the time of presenting the agreement to the court, the district attorney shall state on the record why a sentence under one of those sections was not sought.

(b) As used in this section "plea bargaining" means any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant.

(c) As used in this section, "serious felony" means any of the following:

(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under 14 years of age; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) any burglary of the first degree; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the

71

§ 1192.7 PENAL CODE

precursors of methamphetamines as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code, (23) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, (26) grand theft involving a firearm, (27) carjacking, (28) any felony offense, which would also constitute a felony violation of Section 186.22, (29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220; (30) throwing acid or flammable substances, in violation of Section 244, (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245; (32) assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Section 245.2, 245.3, or 245.5; (33) discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246; (34) commission of rape or sexual penetration in concert with another person, in violation of Section 264.1; (35) continuous sexual abuse of a child, in violation of Section 288.5; (36) shooting from a vehicle, in violation of subdivision (c) or (d) of Section 26100; (37) intimidation of victims or witnesses, in violation of Section 136.1; (38) criminal threats, in violation of Section 422; (39) any attempt to commit a crime listed in this subdivision other than an assault; (40) any violation of Section 12022.53; (41) a violation of subdivision (b) or (c) of Section 11418, and (42) any conspiracy to commit an offense described in this subdivision.

(d) As used in this section, "bank robbery" means to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

As used in this subdivision, the following terms have the following meanings:

(1) "Bank" means any member of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

(2) "Savings and loan association" means any federal savings and loan association and any "insured institution" as defined in Section 401 of the National Housing Act, as amended, and any federal credit union as defined in Section 2 of the Federal Credit Union Act.

(3) "Credit union" means any federal credit union and any state-chartered credit union the accounts of which are insured by the Administrator of the National Credit Union administration.

(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors.

Amended Stats 2010 ch 178 § 73, SB 1115; effective January 1, 2011, operative January 1, 2012.

C2

311

OF JUDGMENT AND EXECUTION                                          § 1192.7

**Editor's Notes**—This section was amended by Stats. 1992 ch. 924 § 1 (AB 2443), but the amendment failed to become operative because of Governor's veto of SB 25, on which operation of AB 2443 was contingent.

**Amendments:**

**1986 Amendment:** (1) Amended subd (e) by (a) deleting "or" after "menace," in subds (c)(4) and (c)(5); (b) substituting "injury or fear of immediate and unlawful bodily injury on the victim or another person" for "harm" in subds (c)(4) and (c)(5); (c) adding "or lascivious" in subd (c)(6); (d) adding "personally" wherever it appears in subd (c)(13); (e) adding "mayhem" at the end of subd (c)(13); (f) substituting "an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building" for "a residence" in subd (c)(15); (g) substituting "holding of a hostage by a person confined in" for "taking of any stage by an inmate of" in subd (c)(21); and (h) substituting ", giving, or offering to sell, furnish, administer, or give" for "or providing" in subd (c)(24); and (2) added the comma after "journal" in subd (e).

**1988 Amendment:** (1) Amended subd (c) by (a) adding "or bank robbery" in subd (c)(13); (b) adding subd (c)(25) and (c) redesignating former subd (c)(27) to be subd. subd (c)(23); and (2) redesignated former subd (f) to be subd (f); and (3) redesignated former subd (f) to be subd (g). As amended by Stats. 1988 ch. 432, compared to the section as it read prior to 1988. This section was also amended by an earlier chapter, ch. 59. See Gov C § 9605.

**1989 Amendment:** (1) Added ", any felony in which it is alleged that a firearm was personally used by the defendant," after "serious felony" in subd (a); and (2) amended subd (e) by (a) substituting "to a minor" and heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (f) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code" for "heroin, cocaine, or phencyclidine (PCP)" to a minor" in subd (c)(24); and (b) adding "grand theft involving a firearm. 27".

**1993 Amendment:** (1) Added subd (c)(27); and (2) redesignated former subd (c)(27) to be subd (c)(25). As amended Stats. 1992 ch. 611, compared to the section as it read prior to 1992. This section was also amended by two earlier chapters, ch. 588 and 610. See Gov C § 9605.

**1993 Amendment:** (1) 18.5c: (1) Added subd (c)(27) by (1) deleting "and (2)" after "(27) carjacking"; and (2) adding subd (c)(1)(26).

**1998 Amendment:** In addition to making technical changes, (1) deleted "other" after "any" in subd (c)(3); (2) added ", mayhem, sodomy, oral copulation," in subd (c)(4); (3) added "vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code" in subd (c)(5); (4) added subds (c)(28)—(c)(32); (5) added subdivision designation (c)(33); and (6) substituted "(34)" for "1," and (26)," (As amended Stats. 1996 ch. 936, compared to the section as it read prior to 1996. This section was also amended by an earlier chapter, ch. 754. See Gov C § 9605.)

**1999 Amendment:** Amended subd (c) by (1) adding subd (c)(22); (2) redesignating former subds (c)(22)—(c)(34) to be subds (c)(23)—(c)(35); and (3) substituting "paragraph (25)" for "paragraph (24)" in subd (c)(35).

**2000 Amendment:** Amended subd (c) by (1) making technical changes; (2) deleting ", mayhem, sodomy, oral copulation," after "to commit rape" in subd (c)(3); (3) adding "bodily injury" after "any explosive causing" in subd (c)(18); (4) substituting subd (c)(5) for former subd (c)(5) which read: "(5) Burglary of an inhabited dwelling house, vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building."; (5) deleting former subd (c)(22) which read: "(22) False imprisonment as described in Section 210.5"; (6) redesignating former subds (c)(23)—(c)(25) to be subds (c)(22)—(c)(24); and (7) substituting subds (c)(25)—(c)(41) for former subds (c)(29)—(c)(35) which read: "(29) Any violation of Section 288.5.

"(30) Any violation of Section 244.

"(31) Assault with a deadly weapon or instrument on a firefighter.

"(32) Any violation of Section 244.1.

"(33) Any violation of Section 12022.53.

"(34) Any attempt to commit a crime listed in this subdivision, other than an assault.

"(35) Any conspiracy to commit an offense described in paragraph (25) as it applies to Section 11370.4 of the Health and Safety Code where the defendant conspirator was substantially involved in the planning, direction, or financing of the underlying offense."

**2002 Amendment:** Amended subd (c) by (1) deleting "other" before "felony in which" in subd (c)(3); (2) substituting "sexual penetration" for "penetration by a foreign object" in subd (c)(4); (3) substituting "commit a threat, in violation of" for "terrorist threats, in violation" in subd (c)(38); and (4) substituting "(41) a violation of subdivision (b) or (c) of Section 11418, and (42)" for "and (41)".

C3

**2006 Amendment:** (1) Amended subd (a) by adding (a) subds (1) and (a)(3); and (b) subdivision designation (b)(2); and (2) substituted "14 years of age" for "the age of 14 years" after "lewd or lascivious act on a child under" in subd (c)(6).

**Editor's Notes**—For separability of provisions of act amending section, and for name of act amending section, see the 1989 note following Pen C § 1170.1.

For citation of act, findings and declarations, legislative intent, severability, and amendment by Legislature, see 2000 Note following Pen C § 1170.125.

**Note—Stats 2006 ch 337 provides:**
SECTION 1. This act shall be known as the Sex Offender Punishment, Control, and Containment Act of 2006.
SEC. 2. The Legislature finds and declares all of the following:
(a) The primary public policy goal of managing sex offenders in the community is the prevention of future victimization.
(b) California's tactics for monitoring registered sex offenders must be transformed into a cohesive and comprehensive system of state and local law enforcement supervision to observe, assess and proactively respond to patterns and conduct of registered sex offenders in the community.
(c) California's infrastructure for collecting, maintaining, and disseminating information about registered sex offenders must be retooled to ensure that law enforcement and the public have access to accurate, up-to-date, and relevant information about registered sex offenders.
(d) In order to accomplish these goals, the Legislature hereby enacts the Sex Offender Control and Containment Act of 2006.

**Cross References:**
Carjacking: Pen C § 215.
Charging for serious felony: Pen C § 969f.
Prohibited use of prior felony convictions in plea bargaining: Pen C § 1170.12.

**Collateral References:**
Witkin & Epstein. Criminal Law (3d ed), Introduction To Crimes § 192.

Witkin & Epstein. Criminal Law 3d ed , Pretrial Proceedings §§ 308, 309, 320.

Witkin & Epstein. Criminal Law (3d ed), Punishment §§ 77, 78, 320, 321, 322, 323, 324, 325, 340, 341, 342, 353, 345, 346.

10 Witkin Summary (10th ed) Parent and Child §§ 436, 731, 837.

Cal Jur 3d (Rev) Criminal Law § 2821, Delinquent and Dependent Children § 136.

1 Witkin Cal. Evidence (4th ed) Hearsay § 25.

Cal Criminal Defense Prac, ch 42, "Arraignment, Pleas, and Plea Bargaining".

Judicial Council of California Criminal Jury Instructions (LexisNexis MatthewBender), CAL-CRIM No. 3145, Personally Used Deadly Weapon.

Judicial Council of California Criminal Jury Instructions (LexisNexis MatthewBender), CAL-CRIM No. 3146, Personally Used Firearm.

Judicial Council of California Criminal Jury Instructions (LexisNexis MatthewBender), CAL-CRIM No. 3160, Great Bodily Injury.

**Law Review Articles:**
Three strikes and you're out! Analysis and sentence calculation. 21 Forum (CACJ) No. 3, p. 35.

Pinch hit, anyone? 21 Forum (CACJ) No. 3, p. 91.

Childhood's end. 24 Forum No. 4 (CACJ) p. 45.

Career Criminals Targeted: The Verdict is in. California's Three Strikes Law Proves Effective. 37 Golden Gate LR 461.

Plea bargaining and the United States Supreme Court. 21 Loyola U of LA LR 757.

Victims' rights symposium. 23 Pacific LJ 815.

Plain talk about plea bargaining. 10 Pepperdine LR 39.

Proposition 36 Eligibility Are Courts and Prosecutors Following or Frustrating the Will of Voters? 36 McGeorge LR 627.

The wrongs of victim's rights. 37 Stan LR 937.

The abolition of plea bargaining: A case study of El Paso County, Texas. 35 UCLA LR 265.

Guilt By Association: Proposition 21's Gang Conspiracy Law Will Increase Youth Violence in California. 37 USF LR 131.

Symposium—three strikes and you're out legislation. 26 UWLA LR 239.

What is the meaning of three strikes and you are out legislation? 26 UWLA LR 303.

## NOTES OF DECISIONS

1. Generally
2. Legislative Intent
3. Construction
4. Construction with Other Law
5. Applicability
6. Information
7. Standing
8. Instructions
9. Practice and Procedure
10. Authority of Court
11. Record
12. Juvenile Adjudication
13. Serious Felony
14. Evidence: Admissible
15. Evidence: Insufficient
16. Findings Sufficient

17. Findings: Insufficient
18. Sentence: Excessive
19. Sentence: Not excessive
20. Hearing
21. Credit
22. Probation
23. Error
24. Appeal

**1. Generally**

Pen C § 1192.7, which prohibits plea bargains in cases involving a serious felony unless there is insufficient evidence, or absence of a material witness, or reduction or dismissal would not result in a substantial change in sentence, did not prohibit a plea bargain to a charge of burglary of an

1  Thomas Eugene Moore D-62389
   San Quentin State Prison
2  General Delivery
   San Quentin, California 94974
3  In Pro Per

4

5

6

7

8                  IN THE SUPERIOR COURT, STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SACRAMENTO

10  IN RE THOMAS EUGENE MOORE,          CASE NO.  99F00713

11          Defendant.               PETITION FOR RESENTENCING HEARING
                                      PURSUANT TO PEOPLE V. SAWYERS 2017
12                                    DJDAR 9406

13                                    [September 26, 2017]

14  _____/

15      TO THE SUPERIOR COURT AND TO THE RESPONDENTS.

16      The Defendant/Petitioner, Thomas Eugene Moore, in pro per, in forma

17  pauperis, and incarcerated in a state prison, files the Petition For

18  Resentencing Hearing Pursuant To People V. Sawyers 2017 DJDAR 9406,

19  and states as follows:

20                              INTRODUCTION

21      On October 7, 2017, the Defendant was informed that the California

22  Second Court Of Appeals has vacated    Sawyers' current Three Strike

23  law criminal case.

24      On October 7, 2017, the Defendant was informed that the California

25  Second District Court Of Appeals has vacated the sentence of Sawyers

26  current Three Strike criminal case and has remanded for resentencing

27  because the Prosecutor's Information or Indictment 1) did not state

Thomas Eugene Moore D-62389
San Quentin State Prison
General Delivery
San Quentin, California 94974
In Pro Per

IN THE SUPERIOR COURT, STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

IN RE THOMAS EUGENE MOORE,

    Defendant.

CASE NO.   99F09713

DECLARATION OF THOMAS EUGENE MOORE IN
SUPPORT OF PETITION FOR RESENTENCING
HEARING PURSUANT TO PEOPLE V. SAWYERS
2017 DJDAR 9406

[September 26, 2017]

I, the Defendant Thomas Eugene Moore, declares:

1. On October 7, 2017, the Defendant was informed that the California Second Court Of Appeals has vacated   Sawyers' current Three Strike law criminal case.

2. On October 7, 2017, the Defendant was informed that the California Second District Court Of Appeals has vacated the sentence of Sawyers current Three Strike criminal case and has remanded for resentencing because the Prosecutor's Information or Indictment 1) did not state that the prior offenses were "strikes"; 2) did not discuss  nor inform the Defendant of any possible 25-years-to-life indeterminate sentence punishment and sentencing scheme under the Three Strike law; and 3) did not discuss nor inform the Defendant of any 5-year to 15-years prior sentencing scheme.

D2

1 | Thomas Eugene Moore D-52339
San Quentin State Prison
2 | General Delivery
San Quentin, California 94974
3 | In Pro Per

4

5

6

7

8 | IN THE SUPERIOR COURT, STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SACRAMENTO

10 | IN RE THOMAS EUGENE MOORE,              CASE NO.    99F00713

11 |     Defendant.                    JUDICIAL NOTICE OF PEOPLE V. SAWYERS 2017
                                       ~~DJDAR 9406~~
12 |
13 |                                    [September 26, 2017]

14 |                              /
15 |

16 |     TO THE SUPERIOR COURT AND TO THE RESPONDENTS.

17 |     The Defendant/Petitioner, Thomas Eugene Moore, in pro per, in

18 | forma pauperis, and incarcerated in a state prison, files the Judicial

19 | Notice, and states as follows:

20 |     The Defendant requests that the Court take judicial notice of the current

21 | case of People v. Sawyers, 2017 DJDAR 9406-9416 (September 26, 2017), because

22 | this case is a newly published case that the Defendant uses and refers to within

23 | the Petition at hand.  (See the attached case of People v. Sawyers, exhibit DI-6(K).

24 | Dated: November 92017                      Respectfully submitted,

25 |                                            Thomas Eugene Moore

26 |                                            Thomas Eugene Moore
                                               In Pro Per Defendant/Petitioner
27 |

D3

## DECLARATION OF SERVICE BY MAIL
## BY PERSON IN STATE CUSTODY
### (C.C.P. §§ 1013(A), 2015.5)

I, _Thomas Moore_, the undersigned, declare:

I am over the age of 18 years, and a party to this matter.  I am a resident of SAN
QUENTIN STATE PRISON, in the County of Marin, State of California. My
Prison address is:

CDCR#:_____, CELL#:_____
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

On, _November 9, 2017_, I served the attached:

1) Petition For Resentencing Hearing Pursuant To People v. Lawyers; 2)
Declaration In Support; and 3) Judicial Notice,

the parties, at the addresses listed below, by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully
prepaid, in a deposit box provided by San Quentin State Prison for mailing in the
United States Mail as per the regulations governing out-going Legal Mail.

1) Clerk of the Court
Sacramento Superior Court
720 Ninth Street
Sacto, CA 95814

I declare under the penalty of perjury, under the laws of the State of California, that
all the foregoing is true and correct.

Executed on _November 9, 2017_, at San Quentin, State California.

_Thomas E. Moore_
D4
Declarant



**GEORGE HILLS**
*Our minds over your matters.*

March 2, 2018

THOMAS MOORE
D-62389 2-N-15
SAN QUENTIN STATE PRISON
GENERAL DELIVERY
SAN QUENTIN CA 94974

### NOTICE OF UNTIMELY CLAIM

RE:            CLAIM NO:        L1800255
                  CLIENT:          COUNTY OF SACRAMENTO
                  OUR FILE NO:    85498-46

Dear Mr. Moore:

YOU ARE HEREBY GIVEN NOTICE that:

The claim that you presented to the County of Sacramento on February 13, 2018 is being returned as to any claims that accrued prior to August 13, 2017 because it was not presented within six (6) months after the event or occurrence as required by law. (See sections 901 and 911.2 of the California Government Code.) Because the claim was not presented within the time allowed by law, no action was taken with regard to the parts of the claim that accrued prior to August 13, 2017.

**WARNING**

**Your only recourse at this time with respect to the claims addressed above is to apply without delay to the County of Sacramento for leave to present a late claim. (See sections 911.4 and 912.2, inclusive, and 946.6 of the California Government Code.) Under some circumstances, leave to present a late claim will be granted. (See California Government Code section 911.6.)**

YOU ARE ALSO HEREBY GIVEN NOTICE that:

The claim that you presented to the County of Sacramento on February 13, 2018 was rejected the County of Sacramento on March 2, 2018 as to any claims that accrued on or after August 13, 2017.

**WARNING**

**Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in a municipal or superior court of the State of California on this claim. (See California Government Code section 945.6.) You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately. This warning may also apply if you dispute the County's conclusion that the portion of your claim that accrued prior to August 13, 2017 was untimely.**

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the

Exhibit E1

THOMAS MOORE
CLAIM NO. L1800255
March 2, 2018
Page 2

---

California Government Tort Claims Act, Government Code section 900, *et seq.* Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

In providing this notice or by any other action that is taken on this claim, the County of Sacramento does not intend to relinquish or waive any of your legal claim requirements or any rights or defenses potentially available to the County of Sacramento or its officers, employees, or agents.

Should you file a lawsuit in this matter that is determined to be in bad faith and without reasonable cause, please be advised that the County of Sacramento will attempt to recover all of its defense costs from you as allowed by California Code of Civil Procedure sections 128.7 and 1038.

Sincerely,

GEORGE HILLS COMPANY, INC.

Cheryl S. Smith, Claims Administrator
Sacramento Office

CSS/jr

Enc:    Proof of Service
        Claim

## PROOF OF SERVICE BY MAIL (CCP ' 1013(a)-2015.5)

I am employed in the County of Sacramento, State of California.  I am over the age of

18 years and not a party to the within action; my business address is 3043 Gold Canal

Drive, Rancho Cordova, California 957670.  On March 2, 2018 I served the attached

### NOTICE OF UNTIMELY CLAIM

on the parties to said action by depositing a true copy thereof in a sealed envelope

with postage thereon fully prepaid, in the United States Mail at Rancho Cordova,

California, addressed as follows:

> **THOMAS MOORE**
> **D-62389 2-N-15**
> **SAN QUENTIN STATE PRISON**
> **GENERAL DELIVERY**
> **SAN QUENTIN CA 94974**

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Rancho Cordova, California on:

Date:        MARCH 2, 2018

JULIA READUS

ORIGINAL

41800255

## COUNTY BOARD CLAIM

SACRAMENTO COUNTY BOARD OF SUPERVISORS
700 'H' STREET
SACRAMENTO, CALIFORNIA 95814

1.   Moore D-62389   Thomas      E.      N/A      N/A
     Last name   First Name   MI      Tel.    E-Mail

2.   San Quentin State Prison, General Delivery, San Quentin,   CA   94974
     Address                                         City       State Zip

3. Date of Incident:  October 7, 2017

   Was the incident more than six months ago?  No.

4.   County agencies or employees against whom this claim is filed:

     COUNTY OF SACRAMENTO; SACRAMENTO SUPERIOR COURT; COURT CLERK OF THE
     SACRAMENTO SUPERIOR COURT; PAUL IRISH, ATTORNEY AT LAW; VICTOR HALTOM,
     ATTORNEY AT LAW; AND DOES ONE THROUGH FIFTY, INCLUSIVE.

5.   Dollar amount of claim:  $15,817,600.00 --Non-limited civil case (over $25,000)

     Explain how you calculated the claim amount:  See pages 2-4.

6.   Location of the incident:  Sacramento Superior Court, 720 Ninth St., Sacto., CA 95814

7.   Describe the specific damages or injury:  See pages 2-4,

8.   Explain the circumstances that led to the damages or injury:  See pages 2-4.

9.   Explain why you believe the county is responsible for the damages or injury:
     See pages 2-4.

     I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 9, 2018                    Thomas E. Moore
                                           Thomas Eugene Moore D-62389
                                           Claimant/Plaintiff

1

1

2

3

4

5        To February 9, 2018, and continuing, from January 25, 2003, for a total of sixteen
6 (16) years, the Plaintiff, Thomas Eugene Moore, has been wrongfully convicted, illegally
7 sentenced and confined, and falsely imprisoned by Defendants County of Sacramento,
8 Sacto. Superior Court, Sacto. Superior Court Clerk, Irish and Haltom based on an
9 erroneous serious felony.

10       Between November 13, 2017, to December 21, 2017, the Defendants County of Sacramento
11 herein the County, the Sacto. Superior Court, herein the Court, and the Sacto. Superior
12 Court Clerk, herein, the Clerk, failed to respond to and negligently lost the Plaintiff's
13 11-09-17 Motion Petition. (See exhibits D2-D4), therefor, causing the Plaintiff
14 to continue to be wrongfully convicted, illegally sentenced and confined, and falsely
15 imprisoned to an erroneous serious felony.

16       The Defendants County and Court wrongfully convicted the Plaintiff of an erroneous
17 "serious felony" robbery offense in Count One of Sacramento Superior Court Case
18 No. 99F00713 when the Plaintiff was never charged with a "'serious felony' within
19 the meaning of P.C. §1192.7(c) on the "First Amended Information". (See exhibits A1-A2).
20       The Defendants County and Court wrongfully convicted the Plaintiff of three
21 (3) erroneous "prior 'serious felony'" convictions in Sacto. Superior Court Case
22 No. 99F00713, when the Plaintiff was never charged with 3 prior serious felony convictions
23 "within the meaning of P.C. §1192.7(c)" on the "First Amended Information". (See
24 exhibits A1-A2; B1-B2; and C1-C4).

25       The Defendants County and Court illegally sentenced and confined, and falsely
26 imprisoned the Plaintiff to an erroneous 25-years-to-life Three Strike law sentence
27 in Sacto. Case No. 99F00713, when the Plaintiff was never charged with two or more
28 prior serious felony convictions within the meaning of P.C. §1192.7(c). (See exhibits A-B).

                                        ₂    E5

1    The Defendants County and Court illegally sentenced and confined, and falsely

2 imprisoned the Plaintiff to three (3) erroneous 5-years prior serious felony convictions

3 totaling 15 years of in Sacto. Superior Case No. 99F00713, when the Plaintiff was

4 never charged with 3 prior serious felony convictions within the meaning of P.C.

5 §1192.7(c). (See exhibits A1-A2; B1-B2; and C1-C4).

6    On November 9, 2017, the Plaintiff legally mailed and filed the original motion

7 "Petition For Resentencing Hearing Pursuant To People V. Sawyers 2017 DJDAR 9406

8 [September 26, 2017]", "Declaration Of Thomas Eugene Moore In Support", and "Judicial

9 Notice", (see exhibits D2-D4; F1-F2), and addressed to the "Clerk of the Court, Sacto.

10 Superior Court, 720 Ninth St., Sacto., CA 95814, by placing the Three (3) aforementioned

11 documents in a manila envelope, giving the envelope to correctional officer Singh

12 who signed and dated the back of the envelope 11/9/17, taped the envelope sealed,

13 and sent the sealed envelope to the San Quentin State Prison Mailroom which mailed

14 the envelope in the U.S. Mail on Monday November 13, 2017, to the Sacto. Superior

15 Court. (See exhibits D2-D4; F1-F2).

16    On December 21, 2017, since the Plaintiff did not receive a response to the

17 Plaintiff's 11-09-17 motion petition from Defendants County, Court, and Clerk, the

18 Plaintiff mailed and filed a "Notice of Appeal", (see exhibits D1-D6), and on January

19 5, 2018, the Defendants County, Court, and Clerk responded and informed the Plaintiff

20 that there is no judgment or order made on the 11-09-17 motion petition except a

21 previous judgment or order made on February 3, 2015. (See exhibits E1).

22    On January 18, 2018, the Plaintiff requested the outgoing legal mail log for

23 the pr of of the Plaintiff's 11-09-17 mailing of the motion petition between November

24 9, 2017, and November 13, 2017, (see exhibits F1   ), and on January 30, 2018, the

25 San Quentin State Prison Mailroom staff provided the Plaintiff with the outgoing

26 legal mail log which shows that the Plaintiff's 11-09-17 motion petition was mailed

27 to the Defendants County, Court, and Clerk on 11-13-17. (See exhibits F2).

29    The Plaintiff is an African-American citizen of the United States and he is

a traditional orthodox Muslim practicing the religion of Islam.

1    Defendants County, Court, Clerk, Irish, and Haltom retaliated with a wrongful

2   conviction, illegal sentence and confinement, and false imprisonment against the

3   Plaintiff because the Plaintiff is an African American citizen of the United States

4   and he is a traditional orthodox Muslim practicing the religion of Islam and he filed

5   a religious discrimination lawsuit in EDC No. 02-CV-00937, Moore-Ali v. Sacto. County.

6       The Plaintiff requests the Board enter judgment granting compensation in:

7
     The amount of $140.00 per day for sixteen (16) years totaling $817,600.00;
8
     The amount of $5,000,000.00 for wrongful conviction, illegal sentencing
9   and confinement, and false imprisonment;

10     The amount of $2,000,000.00 for legal malpractice negligence;

11     The amount of $3,000,000.00 for cruel and unusual punishment, religious and
    racial discrimination, and retaliation;
12
     The amount of $5,000,000.00 for exemplary and punitive damages; and
13
     Any additional relief that this Board  deems just, proper, and equitable.
14

15  Dated: February 9, 2018                          Thomas E. Moore

16                                                   Thomas Eugene Moore
                                                     In Pro Per Claimant/Plaintiff
17
                              VERIFICATION
18

19     I declare under the penalty of perjury that the foregoing is true and correct.

20  Dated: February 9, 2018                          Thomas E. Moore
                                                     Declarant
21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE BY MAIL
## BY PERSON IN STATE CUSTODY
### (C.C.P. §§ 1013(A), 2015.5)

I, _____Thomas Moore_____, the undersigned, declare:

I am over the age of 18 years, and _____ a party to this matter. I am a resident of SAN QUENTIN STATE PRISON, in the County of Marin, State of California. My Prison address is:

_____.

CDCR#:_____, CELL#: _____
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

On, _Aug. 30, 2018,_____, I served the attached:
1) Civil Lawsuit Complaint; 2) Case Cover Sheet; 3) In Forma Pauperis Fee Waiver Application

on the parties, at the addresses listed below, by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully prepaid, in a deposit box provided by San Quentin State Prison, for mailing in the United States Mail as per the regulations governing out-going Legal Mail.

1) Clerk of the Court
   Eastern Dist. of Calif.
   501 "I" Street, Room 4-200
   Sacro., CA 95814

I declare under the penalty of perjury, under the laws of the State of California, that all the foregoing is true and correct.

Executed on _Aug. 30, 2018_, at San Quentin, State California.

_Thomas Moore_
Declarant