UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>R. BROWN, et al.,<br><br>  Defendants. | No. 2:18-cv-2428 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. See orders filed in the following cases on the following dates:

| Case Number | Title | Order Issued |
|---|---|---|
| 01-cv-2003 GEB DAD | Moore v. McElheney, et al. | December 20, 2001 |
| 01-cv-2180 FCD DAD | Moore v. Twomey | July 15, 2002 |
| 02-cv-0176 FCD PAN | Moore v. Three Strikes | December 16, 2003 |
| 04-cv-0314 MCE DAD | Moore v. Rimmer | December 15, 2005 |
| 06-cv-2755 FCD EFB | Moore v. Sacramento County | August 12, 2008 |

////

1

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury. Rather, plaintiff seeks money damages from the County of Sacramento and his former defense attorney based on plaintiff's alleged wrongful conviction in 2000, illegal sentence, and subsequent false imprisonment. Such claims are insufficient to plausibly show ongoing or "imminent" danger of any serious physical injury, and fails to state a claim against plaintiff's former defense attorney under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county." )[1] Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor2428.1915g

---

[1] In addition, plaintiff fails to demonstrate that his 2000 conviction or sentence has been overturned, expunged, or declared invalid. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Petitioner challenged his 2000 conviction in his petition for writ of habeas corpus filed in Moore v. Horel, No. CIV S-02-0007 JAM DAD P (E.D. Cal.), but the petition was denied on April 1, 2011. Id.